**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT LEE PALMER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00972-ACL |
| | ) | |
| CITY OF HAZELWOOD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is now before the Court upon Plaintiff Robert Lee Palmer, Jr.'s motion for reconsideration. (ECF No. 27). For the following reasons, the motion will be denied.

Plaintiff does not state under which rule he brings his motion for reconsideration. Thus, it is unclear whether Plaintiff intends his motion for reconsideration to be brought under Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason). Fed. R. Civ. P. 59(e), 60(b).

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. Furthermore, district courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.*

Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

After reviewing the arguments made by Plaintiff in his motion, the Court finds that there are no grounds for granting relief under either Rule 59(e) or 60(b). Plaintiff is well past the 28-day time-limit imposed by Rule 59(e). Even if his motion were timely, he does not point to manifest error of law or fact made by the Court in its dismissal order. While he claims that the Court did not address the chokehold in his excessive force claim, he is incorrect. The Court addressed this issue in detail. (*See* ECF No. 12 at 12-13).

Further, Plaintiff tries to revive his claims of failure to intervene by adding new evidence – namely that the alleged assault occurred for 2-3 minutes. A motion for reconsideration cannot

2

introduce new evidence unless that evidence could not have been discovered at the time of filing the complaint. Such is not the case here. Plaintiff merely failed to include important facts in his amended complaint that resulted in the dismissal of some of his claims. Plaintiff's motion fails to point to any mistake, fraud, or other reason justifying reconsideration of the Court's judgment. There are no exceptional circumstances here that justify extraordinary relief.

The remainder of Plaintiff's motion concerning Defendants Little, Sieve, and Runyon merely tries to relitigate issues which this Court has already considered. The Court will not reconsider merit arguments that were previously considered and dismissed. Plaintiff is not entitled to reconsideration, and the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration [ECF No. 27] is **DENIED**.

Dated this 20th day of March, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE